**EXHIBIT A**

**ILL KID MUSIC, INC. CERTIFICATE OF
INCORPORATION
(3 pages)**

**JOHN MOSHER V. DJ PREMIER, et al.**

F 921005000087

FILED BY:
BLACKSTONE

## CERTIFICATE OF INCORPORATION

### OF

### ILL KID MUSIC, INC.

Under Section 402 of the Business Corporation Law

The undersigned, a natural person of the age of eighteen years or over, desiring to form a corporation pursuant to the provisions of the Business Corporation Law of the State of New York, hereby certifies as follows:

FIRST:  The name of the corporation is:

### ILL KID MUSIC, INC.

SECOND:  The purpose for which it is formed is as follows:

To engage in any lawful act or activity for which corporations may be formed under the Business Corporation Law provided that the corporation is not formed to engage in any act or activity which requires the consent or approval of any state official, department, board agency or other body, without such approval or consent first being obtained.

For the accomplishment of the aforesaid purposes, and in furtherance thereof, the corporation shall have and may exercise all of the powers conferred by the Business Corporation Law upon corporations formed thereunder, subject to any limitations contained in Article 2 of said law or in accordance with the provisions of any other statute of the State of New York.

THIRD:  The office of the corporation in the State of New York is to be located in the County of New York.

FOURTH:  The aggregate number of shares which the corporation shall have the authority to issue is 200, no par value.

\

FIFTH:  The Secretary of State is designated as agent of the corporation upon whom process against the corporation may be served, and the address to which the Secretary of State shall mail a copy of any process against the corporation served upon him is: c/o Epstein Levy & Levinsohn, P.C., Attn: Mark A. Levinsohn, 1780 Broadway, Suite 1200, New York, New York  10019

SIXTH:  A director of the corporation shall not be liable to the corporation or its shareholders for damages for any breach of duty in such capacity except for liability if a judgment or other final adjudication adverse to a director establishes that his or her acts or omissions were in bad faith or involved intentional misconduct or a knowing violation of law or that the director personally gained in fact a financial profit or other advantage to which he or she was not legally entitled or that the director's acts violated Section 719 of the Business Corporation Law; or liability for any act or omission prior to the adoption of this provision.

IN WITNESS WHEREOF, I hereunto sign my name and affirm that the statements made herein are true under the penalties of perjury.

Dated: October 2, 1992

S/Scott J. Schuster
Scott J. Schuster, Incorporator
283 Washington Avenue
Albany, New York  12206

F 92100 5000087

FILED BY:

BLACKSTONE

CERTIFICATE OF INCORPORATION

OF

ILL KID MUSIC, INC.

Oct 2 3 12 PH '92

STATE OF NEW YORK
DEPARTMENT OF STATE
FILED  OCT 0 5 1992
TAX $ _____ 10
BY: _____ LJN
New York

FILER:

EPSTEIN LEVY & LEVINSOHN, P.C.
1780 BROADWAY, SUITE 1200
NEW YORK, NY    10019

LJN
$10

FILED BY:

BLACKSTONE

BILLED

3

921005000094

**EXHIBIT B**

**GURU PRODUCTIONS, INC. CERTIFICATE
OF INCORPORATION
(3 pages)**

**JOHN MOSHER v. DJ PREMIER, et al.**

*F 921005000092*

*FILED BY:*
*BLACKSTONE*

CERTIFICATE OF INCORPORATION

OF

**GURU PRODUCTIONS, INC.**

Under Section 402 of the Business Corporation Law

The undersigned, a natural person of the age of eighteen years or over, desiring to form a corporation pursuant to the provisions of the Business Corporation Law of the State of New York, hereby certifies as follows:

FIRST:  The name of the corporation is:

**GURU PRODUCTIONS, INC.**

SECOND:  The purpose for which it is formed is as follows:

To engage in any lawful act or activity for which corporations may be formed under the Business Corporation Law provided that the corporation is not formed to engage in any act or activity which requires the consent or approval of any state official, department, board agency or other body, without such approval or consent first being obtained.

For the accomplishment of the aforesaid purposes, and in furtherance thereof, the corporation shall have and may exercise all of the powers conferred by the Business Corporation Law upon corporations formed thereunder, subject to any limitations contained in Article 2 of said law or in accordance with the provisions of any other statute of the State of New York.

THIRD:  The office of the corporation in the State of New York is to be located in the County of New York.

FOURTH:  The aggregate number of shares which the corporation shall have the authority to issue is 200, no par value.

FIFTH:  The Secretary of State is designated as agent of the corporation upon whom process against the corporation may be served, and the address to which the Secretary of State shall mail a copy of any process against the corporation served upon him is: c/o Epstein Levy & Levinsohn, P.C., Attn: Mark A. Levinsohn, 1780 Broadway, Suite 1200, New York, New York  10019

SIXTH:  A director of the corporation shall not be liable to the corporation or its shareholders for damages for any breach of duty in such capacity except for liability if a judgment or other final adjudication adverse to a director establishes that his or her acts or omissions were in bad faith or involved intentional misconduct or a knowing violation of law or that the director personally gained in fact a financial profit or other advantage to which he or she was not legally entitled or that the director's acts violated Section 719 of the Business Corporation Law; or liability for any act or omission prior to the adoption of this provision.

IN WITNESS WHEREOF, I hereunto sign my name and affirm that the statements made herein are true under the penalties of perjury.

Dated: October 2, 1992

S/Scott J. Schuster
Scott J. Schuster, Incorporator
283 Washington Avenue
Albany, New York  12206

F 921005000092

FILED BY:

# BLACKSTONE

CERTIFICATE OF INCORPORATION

OF

GURU PRODUCTIONS, INC.

Oct 5  IO 29 AM '92

Oct 2  3 12 PM '92

NEW YORK
DEPARTMENT OF STATE

FILED  OCT 05 1992
TAXS ——— 10
BY: ——— LIN
New York

FILER:

EPSTEIN LEVY & LEVINSOHN, P.C.

1780 BROADWAY, SUITE 1200

NEW YORK, NY    10019

BILLED

FILED BY:

# BLACKSTONE

3        921005000101

**EXHIBIT C**

**DECISION OF APPELLATE DIVISION (DOAD)**

**JOHN MOSHER v. DJ PREMIER, et al.**



Cited
As of: November 23, 2023 1:17 AM Z

## *Matter of Elam*

Supreme Court of New York, Appellate Division, Second Department

June 1, 2016

2014-04360

### Reporter

140 A.D.3d 754 *; 34 N.Y.S.3d 97 **; 2016 N.Y. App. Div. LEXIS 4074 ***; 2016 NY Slip Op 04215 ****

**[****1]** In the Matter of Keith Edward Elam, Also Known as Guru, Deceased. ***Lana Vayda*** et al., as Administrators of the Estate of Keith Edward Elan, Also Known as Guru, Deceased, Respondents; John Mosher, Appellant. (File No. 622/10)

## Core Terms

credibility, decretal, deleting, decree, words, retirement fund, non jury trial, inter alia, recordings, writings, deliver, administrator of an estate, unauthorized transaction, certain property, total amount, substituting, purportedly, petitioned, belonging, modified, appeals

## Headnotes/Summary

### Headnotes

Executors and Administrators—Discovery of Property

**Counsel:** **[***1]** Robert S. Lewis, P.C., Nyack, NY, for appellant.

Markewich and Rosenstock LLP, New York, NY (Eve Rachel Markewich, Lawrence M. Rosenstock, and Heather M. Barney of counsel), for respondents.

**Judges:** RANDALL T. ENG, P.J. WILLIAM F. MASTRO, JOSEPH J. MALTESE, HECTOR D. LASALLE, JJ. ENG, P.J., MASTRO, MALTESE and LASALLE, JJ., concur.

## Opinion

**[**97] [*754]** In a probate proceeding in which ***Lana Vayda*** and Patricia Elam, administrators of the estate of Keith Edward Elam, also known as Guru, petitioned pursuant to *SCPA 2103*, inter alia, to recover certain property on behalf of the estate, John Mosher appeals from a decree of the Surrogate's Court, Rockland County (Walsh II, S.), dated March 12, 2014, which upon, among other things, a decision of the same court dated February 3, 2014, made after a nonjury trial, in effect, granted the petition, and, inter alia, directed that he, in effect, deliver to the estate the sum of $30,000 purportedly received by him from the AFTRA Health Fund Group Life Insurance Policy of **[*755]** Keith Edward Elam, also known as Guru, and the sum of $25,688 **[**98]** purportedly received by him from the AFTRA Retirement Fund of Keith Edward Elam, also known as Guru, enjoined him, among other things, from utilizing **[***2]** certain writings and recordings of Keith Edward Elam, also known as Guru, and directed that he turn over the subject writings, recordings, and related materials to the estate.

Ordered that the decree is modified, on the law and the facts, (1) by deleting the second, third, eleventh, and twelfth decretal paragraphs thereof, (2) by deleting from the fifteenth

140 A.D.3d 754, *755; 34 N.Y.S.3d 97, **98; 2016 N.Y. App. Div. LEXIS 4074, ***2; 2016 NY Slip Op 04215, ****1

decretal paragraph thereof the words "in the total amount of $169,850.36 for the following unauthorized transactions" and substituting therefor the words "in the total amount of $114,162.36 for the following unauthorized transactions," (3) by deleting from the fifteenth decretal paragraph thereof the provisions "(f) $30,000 received by Mosher from Keith Elam's AFTRA Health Fund Group Life Insurance Policy"; and "(g) $25,688.00 received by Mosher from Keith Elam's AFTRA Retirement Fund," and (4) by deleting from the sixteenth decretal paragraph thereof the words "the amount of $169,850.36" and substituting therefor the words "the amount of $114,162.36"; as so modified, the decree is affirmed, without costs or disbursements.

**_Lana Vayda_** and Patricia Elam (hereinafter together the petitioners), as administrators of the estate of Keith **[***3]** Edward Elam, also known as Guru (hereinafter the decedent), filed a petition pursuant to _SCPA 2103_, inter alia, to recover, on behalf of the estate, certain property held by John Mosher, a former business partner of the decedent. After a nonjury trial, the Surrogate resolved credibility issues in favor of the petitioners, granted the petition in its entirety, and issued a decree directing Mosher, among other things, to, in effect, deliver certain assets to the estate. Mosher appeals.

" '[I]n a nonjury trial, evaluating the credibility of the respective witnesses and determining which of the proffered items of evidence are most credible are matters committed to the trial court's sound discretion' " (_Goldstein v Guida, 74 AD3d 1143, 1144, 904 NYS2d 117 [2010]_, quoting _Ivani v Ivani, 303 AD2d 639, 640, 757 NYS2d 89 [2003]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 497, 458 NE2d 809, 470 NYS2d 350 [1983]; Matter of Fishman, 134 AD3d 1110, 1111, 24 NYS3d 114 [2015])._

A fiduciary petitioning under _SCPA 2103_ must show that someone is wrongfully holding property that belongs to the estate (_see SCPA 2103_; Margaret V. Turano, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, _SCPA 2103_). **[*756]** The petitioner bears the initial burden of proving that the subject property is an asset of the estate (_see Dwyer v Valachovic, 137 AD3d 1369, 27 NYS3d 278 [2016]; Matter of Rappaport, 66 AD3d 1032, 1032-1033, 886 NYS2d 819 [2009]; see also Matter of Voyiatgis, 110 AD3d 911, 912, 973 NYS2d 302 [2013]; Matter of Kelligrew, 63 AD3d 1064, 1065, 882 NYS2d 221 [2009])._

Here, the factual and credibility determinations of the Surrogate's Court with regard to the estate's ownership interest in certain corporations and trademarks, **[***4]** as well as Mosher's alleged wrongful conversion of certain funds belonging to the estate, are supported by the record. Thus, there is no basis to disturb the Surrogate's determination with respect to these assets. However, the court's determination that Mosher improperly received $30,000 from the decedent's AFTRA Health Fund Group Life Insurance Policy and $26,688 from the decedent's AFTRA retirement **[**99]** fund, and that Mosher, in effect, held no interest in any writings, drawings, designs, lyrics, or notes created by the decedent and/or any recordings embodying the decedent's voice and/or image, are not supported by the record. Accordingly, the Surrogate should not have directed Mosher to, in effect, deliver these assets to the estate.

Mosher's additional contention that the Surrogate's Court erred in declining to grant a mistrial is without merit. Eng, P.J., Mastro, Maltese and LaSalle, JJ., concur.

**EXHIBIT D**

**COPYRIGHTS DEFENDANTS BENEFITED FROM**

**JOHN MOSHER v. DJ PREMIER, et al.**

*EXHIBIT A - TRUSTEE'S MOTION FOR AUTHORITY TO CONDUCT EXAM/NATIONS UNDER FED. R. CIV. P. 2004*

Schedule of Potential Copyrights

| Conyri2bt | Rei!. No; | Date▷nb. | Claimant/Owner | Author | Note |
|---|---|---|---|---|---|
| This is the beat. | SRu0002239353 | 08/02/1991 | Mosher | Mosher | **POSSIBLE INTEREST OF DEBTOR** |
| Guru 8.0 (Lost & Found) | PA0001786767 | 02/28/2011 | 7 Grand Records[1] | Mosher/Elam | **POSSIBLE INTEREST OF DEBTOR** |
| Guru version 7.0 - the street scriotures. | PA0001786783 | 02/28/2011 | 7 Grand Records | Mosher/Guru | **POSSIBLE INTEREST OF DEBTOR** |
| The Hip-hop jazz messenger "Back to the future". | PA000 1786781 | 02/28/2011 | 7 Grand Records | Mosher/Elam | **POSSIBLE INTEREST OF DEBTOR** |
| Back to the future mix tape : the time bomb. | PAO00l 786774 | 02/28/2011 | 7 Grand Records | Mosher/Elam | **POSSIBLE INTEREST OF DEBTOR** |
| Gurn Gangstan, Jazzmatazz, 7 Grand Live | SR0000705482 | 07/13/2012 | 7 Grand Records | Mosher/Elam | **POSSIBLE INTEREST OF DEBTOR** |
| Guru's Jazzmatazz V Light Eternal | SR0000707103 | 07/13/2012 | 7 Grand Records | Mosher/Elam | **POSSIBLE INTEREST OF DEBTOR** |
| Gangstarr Life After Death. | SR000071338 1 | 11/06/2012 | 7 Grand Records | Mosher/Elam | **POSSIBLE INTEREST OF DEBTOR** |
| Connection. | PA0001858610 | 06/14/2013 | Kemunity Song Chest Sones of Universal, Inc. | Mosher/Elam Owens | |
| Fine And Free. | PA0001858607 | 06/14/2013 | Songs of Universal, Inc. Jimmy Seals Darrell Crofts | Mosher/Elam Green/Seals Crofts/Son[!s | Samples "Summer Breeze" |
| Stand Up. | PA0001858606 | 06/14/2013 | Biddah Muzik, Inc. | Mosher/Elam Marley | |
| Assignment of Copyrigbts[2] | V9912D617 | 06/05/2014 | Elam to Mosher | Elam? | **POSSIBLE INTEREST OF DEBTOR** |

---

[1] 7 Grand Records LLC appears to have been started and/or owned in some combination by the Debtor and Keith Elam. Per discogs.com (https://www.discogs.com/label/44160-7-Grand-Records), the entity was associated with a now disabled site www.gwu7grand.com, and states that it is "A New York hip hop label founded by Solar (5)" (DJ Solar is the Debtor's stage name and Solar (5) is one of the Debtor's handle on discogs). The Debtor's profile 0ll discogs states that he is associated with "Hollow Point (2)" and is described as: "The devil reincarnated in the flesh. Pure evil and a waste of atoms. A pitcher and catcher."

[2] The list of allegedly assigned works include 1. Daily operation; 2. Hard to earn; 3. Moment of truth; 4 No more Mr. nice guy; 5. The ownerz; 6. Full clip a decade of gangstarr; 7. Guru version 7.0 the street scriptions; 8. Jazzmatazz vol II the new reality; 9. Gum presents III kid records; h0. Baldhead slick & da click; 11. The best of guru's jazzmatazz; 12. Jazzmatazz vol I an experimental fusion of hip hop and jazz; 13. Gum 8.0 lost and found; 14. Guru's the timebomb back to the future mixtape; and 15. Guru's Jazzmatazz vol 4 the hip hop jazz messenger back to the future.

**EXHIBIT E**

**ASSIGNMENT OF MASTERS**
**(4 pages)**

**JOHN MOSHER v. DJ PREMIER, et al.**

# MASTER RECORDING AGREEMENT

This Master Recording Agreement is made as of this 20th day of April 2009, by and between Keith Elam pka Guru on the one hand, and John Mosher pka Solar on the other hand.

## RECITAL

A complete list of Masters (defined herein) embodied on the Albums and /or recorded in connection with the Albums recording project (collectively "Albums Project Masters") is set forth on **Exhibit A** attached hereto.

## AGREEMENT

NOW, THEREFORE, in consideration of the above Recitals and other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, Keith Elam pka Guru and John Mosher pka Solar agree as follows.

1.  **Ownership of the Albums**, All rights, titles and interest throughout the world (the "Territory") in perpetuity, including, without limitation, the copyrights and all renewals and extensions thereof, in and to the Albums artwork and liner notes, and all Videos and other promotional material crested with respect to the Albums (all of the foregoing, the "Albums Materials") shall vest solely and exclusively in John Mosher pka Solar from creation. John Mosher pka Solar shall have the sole and exclusive right to register in its name any copyright (including any extensions and renewals) or other intellectual property rights in the Albums Material, and to file any document with any governmental authority to take any action that would affect the ownership of the intellectual property rights with regard to the Albums Material.

2.  John Mosher pka Solar shall have the sole and exclusive right throughout the Territory to exploit the Albums and the Albums Project Masters embodied thereon, including without limitation, the sole and exclusive right to manufacture Records (as defined herein) embodying the Albums, the Albums Project Masters or any portion of any performance embodied in any Albums Project Masters, to publicly perform such Records, and to reproduce, sell, transfer, advertise, license, synchronize with any medium or otherwise deal in, use, exploit or dispose of the Albums or any Albums Project Master embodied thereon throughout the world and under any trademarks, trade names or labels designated by John Mosher pka Solar, and in any manner, method, medium, format, configuration, platform or foregoing. John Mosher pka Solar will use all reasonable, good faith efforts to commercially exploit the Albums and the Albums project Masters (via sales of Records, licensing of Albums Project Masters. Etc)

3.  **Miscellaneous**

(a)     This writing sets forth the entire understanding of the parties hereto, superseding and replacing all prior oral or written understandings with respect to the subject matter hereof, and no modification, amendment, waiver, termination or discharge of this Agreement shall be binding upon the parties unless confirmed by written instrument signed by an authorized signatory of both parties.

(b)     This Agreement shall be construed in accordance with the laws of the State of New York applicable to contracts to be wholly performed therein, without regard to conflict of laws principles. Any action, suit or proceeding based upon any matter, claim or controversy arising hereunder or relating hereto shall be brought solely in the State Courts or Federal Court sitting in New York, New York. In the event any action is brought to enforce the terms of this Agreement, the prevailing party shall be entitled to an award of reasonable outside attorneys fees and costs in addition to such other relief as may be appropriate.

## 4.    Definitions

(a)     "Composition". A musical composition or medley consisting of words and/or music, or any dramatic material, whether instrumental or vocal.

(b)     Master". Any recording of Sound, whether or not coupled with a visual image, fixed by any method and on any substance or material, whether now known or later developed from which sounds, with or without visual images can be perceived, reproduced or otherwise communicated, either directly or with the aid of a machine, device, or process (including Audio-Visual Recordings).

(c)     "Record(s). Any device now or hereafter known, on or by which sound, with or without visual images, may be recorded, reproduced or perceived, including without limitation CDs. Vinyl records, audio cassettes, DVDs, and electronic files transmitted over air or wire such as so-called "digital downloads."

(d)     "Video" Sight and sound recordings that reproduce audio performances of Artist together with a visual image.

# EXHIBIT A

Gang Starr: Daily Operation
Gang Starr: Hard To Earn
Gang Starr: Moment Of Truth
Gang Starr: No More Mr. Nice Guy
Gang Starr: The Ownerz
Gang Starr: Full Clip – A Decade of Gang Starr

Guru Version 7.0 THE STREET SCRIPTURES
Guru Presents: Ill Kid Records
Baldhead Slick & Da Click
The Best of Guru's Jazzmatazz
Jazzmatazz Vol. II The New Reality
Guru's Jazzmatazz Vol. I  An Experimental Fusion of Hip-Hop and Jazz
Gururs Jazzmatazz Vol 3  Streetsoul
The Hip Hop Messenger "Back to the future Jazzmatazz Vol 4
Guru 8.0 Lost & Found
Guru's Jazzmatazz: "THE TIMEBOMB" Back To The Future Mix Tape


AND ALL MUSIC VIDEOS AND SINGLES FROM THESE ALBUMS
(See Exhibit B)

IN WITNESS WHEREOF, the parties have executed this agreement as of the 20th day of April, 2009.


By: _____          By: _____

**EXHIBIT F**

**COPYRIGHT CERTIFICATE REGISTRATION**

**JOHN MOSHER v. DJ PREMIER, et al.**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## SR 713-381

**Effective date of registration:**

November 6, 2012

---

## Title

**Title of Work:** Gangstarr "Life After Death:

## Completion/Publication

**Year of Completion:** 2012

**Date of 1st Publication:** April 1, 2012

## Author

■ **Author:** John Mosher p.k.a Solar

**Author Created:** words and music

**Work made for hire:** No

**Citizen of:** United States

**Year Born:** 1963

**Anonymous:** No

■ **Author:** Keith Elam p.k.a Guru

**Author Created:** words

**Work made for hire:** No

**Citizen of:** United States

**Year Born:** 1961

**Anonymous:** No

## Copyright claimant

**Copyright Claimant:** 7 Grand Records

119 Rockland Ctr #328, Nanuet, NY, 10954

**Transfer Statement:** by written contract

## Limitation of copyright claim

**Material excluded from this claim:** previously published music and sound recording

**Previously registered:** No

**EXHIBIT G**

**TRADEMARK CERTIFICATE REGISTRATION**

**JOHN MOSHER v. DJ PREMIER, et al.**

Int. Cls.: 9, 25 and 41

Prior U.S. Cls.: 21, 22, 23, 26, 36, 38, 39, 100, 101 and 107

**United States Patent and Trademark Office**

Reg. No. 2,994,404

Registered Sep. 13, 2005

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER



GANG STARR PRODUCTIONS, INC. (NEW YORK CORPORATION)
C/O MR. KEITH ELAM
281 RIVERWALK WAY
CLINTON, NJ 07104

FOR: SERIES OF CDS, VINYL RECORDS, AND AUDIO CASSETTES FEATURING MUSIC, MUSICAL SOUND RECORDINGS, MUSICAL VIDEO RECORDINGS, DOWNLOADABLE MUSICAL SOUND RECORDINGS AND DOWNLOADABLE MUSICAL VIDEO RECORDINGS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 8-0-1989; IN COMMERCE 8-0-1989.

FOR: CLOTHING, NAMELY, T-SHIRTS, SHIRTS, VESTS, SWEATSHIRTS, SWEATPANTS, JACKETS, HATS, VISORS, HEADBANDS, HEADWEAR, BOXER SHORTS, SOCKS, UNDERWEAR, WRISTBANDS, GLOVES AND BANDANNAS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 8-0-1989; IN COMMERCE 8-0-1989.

FOR: ENTERTAINMENT SERVICES, NAMELY, LIVE MUSICAL PERFORMANCES, MUSICAL TOURS, PROVIDING A WEBSITE OF INFORMATION ON MUSIC, PERFORMANCES, SOUND AND VIDEO RECORDINGS, APPEARANCES, BIOGRAPHIES AND OTHER INFORMATION ON MUSICAL GROUPS VIA A WEBSITE ON A GLOBAL COMPUTER NETWORK, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 8-0-1989; IN COMMERCE 8-0-1989.

THE MARK CONSISTS OF THE WORDS GANG STARR IN STYLIZED BLACK LETTER OUTLINED BY WHITE WITHIN A BLACK STAR OUTLINED BY WHITE. THE STAR IS ON TOP OF A BLACK CIRCLE WITH WHITE CHAINS ALONG THE EDGE OF THE CIRCLE.

SER. NO. 78-346,560, FILED 12-30-2003.

TRICIA THOMPKINS, EXAMINING ATTORNEY